UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOYD WATTERS, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:05-CV-366 RM |
| vs. | ) |
| | ) |
| GIL KAUFMAN, *et al.* | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Boyd Watters, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Watters alleges that Nurse R. Anderson twice kicked his injured leg because she was irate with him.

> [W]e think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions

>   taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley v. Albers, 475 U.S. 312, 320-322 (1986) (citations, ellipsis, and quotation marks omitted). The complaint alleges that Mr. Watters was kicked maliciously and sadistically for the very purpose of causing harm.

>   That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted). Though it is unclear how hard he was kicked or how severe his injuries were, giving Mr. Watters the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim.

Next, Mr. Watters alleges that he has been denied medical care. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious

that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373. Mr. Watters alleges that he has a knee injury that is being treated by doctors. This is a serious medical need.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and

4

incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

    Mr. Watters alleges that he disagreed with his original diagnosis of water on the knee. He wanted an X-ray, which he received later the same day. Even if the doctor's diagnosis were unreasonable and an act of malpractice, this would not state a claim. Mr. Watters' knee was examined and perhaps mis-diagnosed. These facts do not support an allegation of deliberate indifference. Indeed the doctor reconsidered his diagnosis the same day and ordered an X-ray. This prompt correction precludes any possible finding of deliberate indifference.

    Mr. Watters alleges that he was in the prison infirmary for eleven days before he was scheduled for surgery. He alleges that his leg and foot swelled and that he was in pain when he got out of bed for meals. Though Mr. Watters may have wished that he had received surgery sooner, in non-emergency cases such as his, delays are not uncommon nor an indication of deliberate indifference. Though he disagrees with their medical decision to not feed him in bed, even if it was unreasonable or incompetent to ask him to walk to meals, this does not state a claim. Medical treatment is commonly painful and he is not entitled to demand specific care. His disagreement with the choice of treatment selected by the medical staff does not state a claim.

Mr. Watters alleges that after his surgery, the surgeon "ordered physical therapy to restore a full range of movement in the knee." Complaint at 4, docket # 1. Mr. Watters then chronicles the problems he has had, over the nearly subsequent two years, in obtaining physical therapy.

"Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Though it is easily understandable why Mr. Watters would like to restore the full range of movement in his knee, he may not demand physical therapy nor any other specific treatment. The Eighth Amendment doesn't entitle him to the best care possible or require that he be restored to a full range of movement. It doesn't require medical success nor even reasonable treatment. It merely prohibits wanting harm to come to him. Even if his treatment was unreasonable, negligent, or an act of medical malpractice, the facts alleged by Mr. Watters related to his efforts to obtain physical therapy do not state a federal constitutional claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Nurse R. Anderson in her individual capacity for monetary damages on his Eighth Amendment excessive use of force claim when she twice kicked his injured leg on June 20, 2003;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Gil Kaufman, John Doe, Brenda Johnston, and Chad Barr;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Nurse R. Anderson to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse R. Anderson ; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse R. Anderson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 24 , 2005

        /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court