UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOYD WATTERS,                    )
                                 )
            Plaintiff,           )
                                 )        CAUSE NO. 3:05-CV-366 CAN
      vs.                        )
                                 )
GIL KAUFMAN, *et al.*            )
                                 )
            Defendants.          )

OPINION AND ORDER

Boyd Watters, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, against Nurse R. Anderson in her individual capacity for monetary damages for an excessive use of force when she twice kicked him in his injured leg on June 20, 2003 in violation of the Eighth Amendment.[1] The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient

---

[1] All other claims were dismissed in this court's screening order of June 24, 2005 (docket # 5).

showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

The defendant contends that Mr. Watters is unable to prove that she kicked him because she did not kick him. Using excessive force is an element of an excessive force claim. *See Whitley v. Albers*, 475 U.S. 312, 320-322 (1986) and *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

In response, Mr. Watters submitted a statement which qualifies as a declaration under penalty for perjury pursuant to 28 U.S.C. § 1746.

> I have a vivid memory of Ryne Anderson as the person that kicked me as she was going after a refusal form. I told her "hey lady watch my leg" after she kicked me. Then when she got back with the refusal form she kicked me again. Told me to sign it and to write a statement down.

Docket # 27-2 at ¶ 3 (capitalization edited).

In reply, the defendant argues that Mr. Watters has not set forth any facts to support his conclusion that she kicked him or that he has personal knowledge of her identity. The defendant is correct that

> personal knowledge . . . must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.

*Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (citation and quotation marks omitted). Nevertheless, the defendant does not deny that Mr. Watters personally interacted with her and that he knows who she is. In her declaration she states,

2

> By the time I saw Mr. Watters on June 21, 2003, I was at least the fourth nurse who had seen him following the injury to his knee on June 19, 2003.

Docket # 26-2 at ¶ 15. Mr. Watters' personal knowledge of the defendant is not mere fancy. There is no doubt here that Mr. Watters knows (and can identify) the defendant. Therefore there is a genuine issue of fact: he says she kicked him, twice; she says she did not kick him, not even once.

For the foregoing reasons, the court **DENIES** the motion for summary judgment (docket # 25).

SO ORDERED.

Dated this 7th Day of March, 2006.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge