UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOYD WATTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:05-CV-366 CAN |
| vs. ) | |
| ) | |
| GIL KAUFMAN, *et al.* ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Boyd Watters, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, against Nurse R. Anderson in her individual capacity for monetary damages for an excessive use of force when she twice kicked him in his injured leg on June 20, 2003 in violation of the Eighth Amendment.[1] The defendant filed a second motion for summary judgment. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

The defendant contends that Mr. Watters did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Pursuant to N.D. IND. L.R. 56.1(a), the defendant submitted a

---

[1] All other claims were dismissed in this court's screening order of June 24, 2005 (doc. no. 5).

statement of facts.[2] The motion for summary judgment included the notice required by N.D. IND.

---

[2] The defendant's statement of facts states:

The plaintiff was confined at Westville Correctional Facility ("WCC") continuously from August 13, 2001, to December 24, 2003, except for occasions when he left the facility temporarily (York decl., ¶¶ 2, 3). On December 24, 2003, he was transferred to the Miami Correctional Facility (id., ¶ 4).

Under the procedures of the Indiana Department of Correction ("DOC") as they existed in 2003, an offender could file a grievance concerning actions of employees and contractors over whom WCC had jurisdiction (id., ¶ 5). When an offender pursued a grievance, records were kept of that fact at WCC (id., ¶ 6). In addition to those grievance records, a second and independent record was made of each grievance by placing copies of the grievance documents in the facility file, or packet, of the offender pursuing the grievance (id., ¶ 7).

The grievance records at WCC have been searched for any grievance in which the plaintiff claimed that a nurse purposely kicked him on or about June 20, 2003, but there is no evidence that he filed such a grievance while he was at WCC (id., ¶ 8).

If the plaintiff had timely filed and pursued a grievance claiming that a nurse had purposely kicked him, at the least an investigation would have been conducted (id., ¶ 9). If that investigation revealed substantial, credible evidence verifying the complaint, the possible responses would have included transfer of the plaintiff to a different facility; a transfer of the staff member who had kicked him; disciplinary action against the nurse, up to and including dismissal; and referral of the matter to local authorities for consideration of criminal prosecution of the nurse (id., ¶ 10).

During 2003 and 2004, the DOC's official procedures regarding grievances provided, among other things, that the "incident or process being grieved must have occurred within forty-eight (48) hours, excluding weekends and holidays, of the submission of the complaint form to the Grievance Specialist. The time frame does not apply to complaints against a specific written policy or procedure" (Clark decl., ¶ 4). These time limits could be extended (id., ¶ 5). Also at that time, the DOC's official procedures regarding grievances provided that the grievance process began with a complaint (called "Step 1"); if an offender was not satisfied with the response to the complaint, he could appeal by filing a formal grievance ("Step 2"); if the offender was not satisfied by the Step 2 response, he could appeal to a Grievance Committee ("Step 3"); if the Step 3 response was not satisfactory, the offender could appeal to the Facility Head ("Step 4"); and, if the Step 4 response, from the Facility Head or designee, was not satisfactory, the offender could appeal to the appropriate Regional Director or designee or, in the case of a juvenile offender, to the Director of Juvenile Services or designee ("Step 5") (id., ¶ 6). At each step of this process, the matter was handled by a person or group with increasing responsibility and greater flexibility in fashioning a remedy or remedies (id., ¶ 7).

During 2003 and 2004, the DOC's official procedures regarding grievances provided further: "Complaints are to be limited to one (1) incident/issue and should contain sufficient information to allow an investigation. When a complaint is submitted which does not meet this requirement, the offender is to be notified that the complaint is not acceptable as written and must be rewritten to accommodate the format" (id., ¶ 8). During that period, the DOC's official procedures regarding grievances also provided: "Appeals must address the basic issue of the initial grievance. They may contain additional facts or information regarding the original issue and may raise concerns regarding the response from the previous level. Appeals shall not raise new and/or unrelated issues" (id., ¶ 9).

During 2003 and 2004, when an offender pursued a grievance a unique number was assigned to the grievance and then used throughout all steps of the process (id., ¶ 10).

The plaintiff submitted a Step 1 Complaint while he was at Miami Correctional Facility (id., ¶ 12) that contained multiple issues and was returned to him with instructions to raise one issue per form (id., ¶ 13). He did narrow his grievance to medical treatment for his leg and pursued it through four steps (id., ¶ 14). When he appealed the denial of that grievance to the fifth level, he added the claim that he had been kicked by a nurse (id., ¶ 15). The designee of the Regional Director did not address the newly added claim of being kicked by a nurse (id., ¶ 16).

2

L.R. 56.1(e), which warned Mr. Watters that,

> Any factual assertion in the affidavits will be accepted by the court as being true unless you submit your own affidavits or other documentary evidence contradicting the assertion. Your failure to respond in that way would be the equivalent of failing to present any evidence in your favor at a trial.

Motion at 2, doc. no. 55.

In response Mr. Watters filed a statement to which he attached several exhibits which duplicate those supplied by the defendant. As such, none of those exhibits contradict the defendant's factual assertions. Mr. Watters statement is neither a sworn affidavit nor an unsworn declaration pursuant to 28 U.S.C. § 1746. Therefore it is not admissible as evidence and cannot be used to contradict the defendant's factual assertions.

In addition to the warning provided by the notice in the defendant's current motion, Mr. Watters also received a similar warning in the prior summary judgment motion filed in this case. In response to the former summary judgment motion, Mr. Watters filed a declaration. Based on that declaration, the former summary judgment was denied because Mr. Watters declaration contradicted the defendant's factual assertions. Such is not the case with this summary judgment motion. As the warnings alerted him, without any evidence to contradict the defendant's factual assertions, the court must accept them as true.

Based on the defendant's uncontroverted factual assertions, Mr. Watters did not exhaust his administrative remedies. Because 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought

---

The plaintiff's records indicate he did not pursue the issue of being kicked in any other grievance he filed while at MCF (id., ¶ 17).

The plaintiff's exhibits, together with a search of his records, lead to the conclusion that the only times the plaintiff mentioned in a grievance filed at MCF that he had been kicked were in the rejected Step 1 Complaint (Exhibit A) and the Step 5 Appeal to Regional Director (Exhibit E) (id., ¶ 18).

Motion at 2-6, doc. no. 56-1.

with respect to prison conditions . . . until such administrative remedies as are available are exhausted", this case cannot proceed and summary judgment must be granted.

For the foregoing reasons, the court **GRANTS** the motion for summary judgment (doc. no. 55), **DISMISSES** this case **WITHOUT PREJUDICE**, and **DIRECTS** the clerk to enter judgment in favor of the defendant and against the plaintiff.

IT IS SO ORDERED.

Dated this 15th Day of December, 2006.

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge